**IT IS ORDERED as set forth below:**

**Date: November 10, 2016**

**Mary Grace Diehl**
**U.S. Bankruptcy Court Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ROME DIVISION**

| | |
|---|---|
| In re: | CASE NUMBER: |
| **MATTHEW BENTLEY GERARD SIMPSON and KAYLEE LYNN SIMPSON,** | **15-40789-MGD** |
| Debtors. | CHAPTER 7 |
| **MATTHEW BENTLEY GERARD SIMPSON and KAYLEE LYNN SIMPSON,** | ADVERSARY PROCEEDING NUMBER: |
| | **16-04022-MGD** |
| Plaintiffs, | |
| v. | |
| **AMERICAN EDUCATIONAL SERVICES; BANK OF AMERICA, N.A.; WELLS FARGO BANK, N.A.; DISCOVER FINANCIAL SERVICES; THE NATIONAL COLLEGIATE STUDENT LOAN TRUST, 2005-3; THE NATIONAL COLLEGIATE STUDENT LOAN TRUST, 2007-3; NATIONAL COLLEGIATE STUDENT LOAN TRUST, 2007-4; ASCENSIONPOINT RECOVERY SERVICES, LLC; CITIBANK, N.A.; UNITED GUARANTY** | |

**CORPORATION; PERFORMANT RECOVERY, INC.; WILLIAMS & FUDGE, LLC; TRANSWORLD SYSTEMS, INC.; SUNTRUST BANK; GREAT LAKES HIGHER ED. CORP.; U.S. DEPT. OF EDUCATION; SUNRISE CREDIT SERVICES, INC.; SIMM ASSOCIATES, INC.; JPMORGAN CHASE BANK; CAPITAL MANAGEMENT SERVICES, L.P.; WELTMAN, WEINBERG & REIS CO. LPA; CIT EDUCATION LOAN TRUST 2007-1,**

Defendants.

**ORDER DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Before the Court is the Motion for Default Judgment (the "Motion") (Doc. 52), filed by Matthew Bentley Gerard Simpson and Kaylee Lynn Simpson ("Plaintiffs") against the following defendants: Suntrust Bank; JPmorgan Chase Bank; Discover Financial Services; Performant Recovery, Inc.; Sunrise Credit Services, Inc.; United Guaranty Corporation; and Capital Management Services, L.P. (collectively "Defendants"). The complaint was filed and summons was issued on April 29, 2016. (Docs. 1, 2). On May 4, 2016, an amended complaint was filed and summons reissued. (Docs. 5, 6). The certificate of service, filed on May 5, 2016, indicates that the summons and complaint were properly served. (Doc. 7). Defendants have not filed answers, and Plaintiffs requested an entry of default on August 25, 2016. (Doc. 50). The Clerk entered default against Defendants on August 26, 2016. Plaintiffs moved for default judgment against Defendants on August 29, 2016. (Doc. 52). Defendants have not responded to this Motion.

This adversary proceeding, brought under Bankruptcy Code Section 523, is a core proceeding arising under Title 11 in which the Court has authority to enter a final order. 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction under 28 U.S.C. §§ 157(a) and 1334(b) by general reference, LR 83.7A, NDGa, and venue is proper under 28 U.S.C. § 1409(a).

**I. Legal Standards**

**A. Default Judgment Standard**

Rule 55(c) of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, governs the procedures related to entry of default and default judgment. FED. R. BANKR. P. 7055; *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1216 n.14 (11th Cir. 2009). In default, the complaint's factual allegations—except those relating to the amount of damages—are deemed admitted. FED. R. BANKR. P. 7008 (applying FED. R. CIV. P. 8(b)(6)). "[A] defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 8 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008, provides that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The Supreme Court has explained that while this does not require "detailed factual allegations," a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 557). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.

### B. Dischargeability of Student Loans

Under § 523(a)(8), student loans are not dischargeable "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and debtor's dependents[.]" 11 U.S.C. § 523(a)(8). In the Eleventh Circuit, the applicable standard for determining undue hardship is the three-part test provided first in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). *Hemar Ins. Corp. of Am. v. Cox (In re Cox)*, 338 F.3d 1238, 1240 (11th Cir. 2003) (adopting the *Brunner* test for undue hardship). The *Brunner* test requires a debtor to prove: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loan. *Id.* at 1241. Factors a court may consider when determining good faith include the debtor's efforts to obtain employment, maximize income, minimize expenses, and negotiate a repayment plan. *In re Mosley*, 494 F.3d 1320, 1327 (11th Cir. 2007).

## II. Allegations Contained in the Complaint

The complaint seeks to discharge Plaintiffs' student loan debt under § 523(a)(8) of the Bankruptcy Code. Plaintiffs' complaint[1] alleges the following: (1) Plaintiffs' aggregate student loan debt is $400,290.38; (2) Plaintiffs are married with two children and are expecting their

---

[1] Plaintiffs' complaint incorrectly refers to Mr. and Mrs. Simpson as Defendants in paragraphs 34 and 35.

third child; (3) Mrs. Simpson has not worked in four years and is unable to work because their first child is disabled and requires constant care as well as the services of many medical specialists; (4) Plaintiffs have made good-faith efforts to repay their student loans; (5) Mr. Simpson is currently unemployed; (6) from 2002 to 2016, Mr. Simpson never made more than $60,000.00 per year; (7) some of Plaintiffs' loans are private and do not offer forgiveness or payment programs; and (8) requiring Plaintiffs' to repay their student loans would cause an undue hardship. (Doc. 5 ¶¶ 27–36).

The complaint in this case does not contain sufficient factual allegations to enter default judgment. Plaintiffs allege that they have made a good-faith effort to repay their student loans, but they do not allege any facts to support this conclusion. (Doc. 5 ¶ 34). Without additional factual allegations, Plaintiffs' mere recitation of the third *Brunner* element is insufficient to meet the default judgment standard.

## III. Conclusion

The complaint is factually insufficient to meet the default judgment standard. Accordingly, it is

**ORDERED** that Plaintiffs' Motion is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs have thirty (30) days from the entry of this order to file an amended complaint. If no such pleading is timely filed, this adversary proceeding shall, without further notice, stand **DISMISSED.**

The Clerk is directed to serve a copy of this Order upon Plaintiffs, Plaintiffs' counsel, and Defendants.

**END OF DOCUMENT**