**IT IS ORDERED as set forth below:**



**Date: July 31, 2017**

_____

**Mary Grace Diehl
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| In re: | : | CASE NUMBER: |
| | : | |
| **MATTHEW BENTLEY GERARD** | : | |
| **SIMPSON and KAYLEE LYNN SIMPSON,** | : | **15-40789-MGD** |
| | : | |
| Debtors. | : | CHAPTER 7 |
| _____ | : | _____ |
| | : | |
| **MATTHEW BENTLEY GERARD** | : | ADVERSARY PROCEEDING NUMBER: |
| **SIMPSON and KAYLEE LYNN SIMPSON,** | : | |
| | : | **16-04022-MGD** |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **AMERICAN EDUCATIONAL SERVICES;** | : | |
| **BANK OF AMERICA, N.A.; WELLS** | : | |
| **FARGO BANK, N.A.; DISCOVER** | : | |
| **FINANCIAL SERVICES; THE NATIONAL** | : | |
| **COLLEGIATE STUDENT LOAN TRUST,** | : | |
| **2005-3; THE NATIONAL COLLEGIATE** | : | |
| **STUDENT LOAN TRUST, 2007-3;** | : | |

| | |
|---|---|
| **NATIONAL COLLEGIATE STUDENT** | : |
| **LOAN TRUST, 2007-4; ASCENSIONPOINT** | : |
| **RECOVERY SERVICES, LLC; CITIBANK,** | : |
| **N.A.; UNITED GUARANTY** | : |
| **CORPORATION; PERFORMANT** | : |
| **RECOVERY, INC.; WILLIAMS & FUDGE,** | : |
| **LLC; TRANSWORLD SYSTEMS, INC.;** | : |
| **SUNTRUST BANK; GREAT LAKES** | : |
| **HIGHER ED. CORP.; U.S. DEPT. OF** | : |
| **EDUCATION; SUNRISE CREDIT** | : |
| **SERVICES, INC; SIMM ASSOCIATES,** | : |
| **INC.; JPMORGAN CHASE BANK;** | : |
| **CAPITAL MANAGEMENT SERVICES,** | : |
| **L.P.; WELTMAN, WEINBERG & REIS** | : |
| **CO. LPA; CIT EDUCATION LOAN** | : |
| **TRUST 2007-1,** | : |
| Defendant. | : |
| _____ | : |

## ORDER GRANTING PLAINTIFFS' AMENDED
## MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiffs' Matthew Bentey Gerard Simpson and Kaylee Lynn Simpon's Amended Motion for Default Judgment (the "Amended Motion") (Doc. 103) against JPMorgan Chase Bank, Discover Financial Services, and CIT Education Loan Trust 2007-1 (the "Defendants"). Plaintiffs commenced the above-styled adversary proceeding on April 29, 2016, to determine the dischargeability of student loan debt owed to Defendants pursuant to 11 U.S.C. § 523(a)(8). On May 4, 2016, Plaintiffs filed an amended complaint and reissued summons that same day (Docs. 5, 6). On May 5, 2016, Plaintiffs filed a certificate of service pursuant to Bankruptcy Rule 7004 certifying that a copy of the complaint and a summons were sent by United States mail, postage fully prepaid, to Defendants. Defendants failed to timely file answers, and Plaintiffs requested entry of default on August 25, 2016. A Clerk's Entry of Default was entered on August 26, 2016, and Plaintiffs filed a first motion for default judgment against Defendants on August 29, 2016 (Doc. 52). The Court denied without prejudice

2

Plaintiffs' motion for default judgment on November 10, 2016, because the complaint was factually insufficient to meet the default judgment standard (Doc. 63).

Plaintiffs filed a second amended complaint on December 7, 2016 (Doc. 68). On December 13, 2016, Plaintiffs filed a certificate of service pursuant to Bankrupty Rule 7004 certifying that a copy of second amended complaint and alias summons were sent by United States mail, postage fully prepaid, to Defendants. Rule 7012 of the Federal Rules of Bankruptcy Procedure requires a defendant to "serve an answer within 30 days after the issuance of the summons." To date, no answers or responses have been filed, and Defendants have made no appearance. A Clerk's Entry of Default was entered at Plaintiffs' request on February 1, 2017. Plaintiffs filed the Amended Motion on February 14, 2017. Defendants have not responded or otherwise sought to set aside entry of default.

## I.     Legal Standards

### A. Default Judgment Standard

Rule 55 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of the Federal Rules of Bankruptcy Procedure, governs the procedures related to entry of default and default judgment. FED. R. BANKR. P. 7055; *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1216 n.14 (11th Cir. 2009). In default, the complaint's factual allegations—except those relating to the amount of damages—are deemed admitted. FED. R. BANKR. P. 7008 (applying FED. R. CIV. P. 8(b)(6)). "[A] defendant's default does not in itself warrant the court in entering default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Rule 8 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7008, provides that "each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The Supreme Court has explained that while this does not require "detailed factual allegations," a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 557). Instead, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570.

### B.     Dischargeability of Student Loans

Under § 523(a)(8), student loans are not dischargeable "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor and debtor's dependents[.]" 11 U.S.C. § 523(a)(8). In the Eleventh Circuit, the applicable standard for determining undue hardship is the three-part test provided first in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir. 1987). *Hemar Ins. Corp. of Am. v. Cox (In re Cox)*, 338 F.3d 1238, 1240 (11th Cir. 2003) (adopting the *Brunner* test for undue hardship). To establish that a student loan debt is dischargeable, the *Brunner* test requires a debtor to prove: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loan. *Id.* at 1241.

To determine whether a debtor can maintain a "minimal" standard of living if forced to

4

repay the student loan debt, a court may examine the debtor's present income and expenses in a manner that is sensitive to the particular circumstances of the case. *In re Mosley*, 494 F.3d 1320, 1326 (11th Cir. 2007). If a debtor establishes that she cannot in fact maintain a "minimal" standard of living if forced to repay the debt, she must then prove that, by virtue of additional circumstances, this state of affairs is likely to persist for a significant portion of the repayment period. *Id.* at 1324. Relevant additional circumstances may include a debtor's serious mental or physical disability, lack of usable or marketable job skills, the years remaining in a debtor's work life, age, and lack of assets to repay the loans. *Nys v. Educ. Credit Mgmt. Corp. (In re Nys),* 308 B.R. 436, 446 (B.A.P. 9th Cir. 2004); *see also Mosley,* 494 F.3d at 1326. Finally, when determining whether a debtor has made good faith efforts to repay the loan, a court may consider the debtor's efforts to obtain employment, maximize income, minimize expenses, and negotiate a repayment plan. *Mosley*, 494 F.3d at 1327.

## II. Allegations Contained in the Complaint

Plaintiffs seek to discharge student loan debt under § 523(a)(8) of the Bankruptcy Code. In their complaint, Plaintiffs allege the following: (1) Plaintiffs' aggregate student loan debt is $400, 290.38; (2) Mr. Simpson owes JPMorgan Chase Bank $32,165.85; (3) Mr. Simpson owes Discover $41,714.40; (4) Mrs. Simpson owes JPMorgan Chase Bank $14,774.69; (5) Mrs. Simpson owes Discover $3,657.74; (6) Mrs. Simpson may owe an unknown amount to CIT Student Loan Trust 2007-1; (7) Plaintiffs are married with three children; (8) Mrs. Simpson has not worked in four years and is unable to work because their first child is disabled and requires constant care as well as the services of many medical specialists; (9) From December 2012 to November 2014, Mrs. Simpson made approximately 26 monthly payments on her loans from JPMorgan Chase Bank; (10) From October 2013 to February 2015, Mr. Simpson made

5

approximately 16 monthly payments on his loans from JPMorgan Chase Bank; (11) From October 2004 to January 2006 and from February 2014 to November 2014, Mr. Simpson made approximately 32 timely payments to Discover; (12) From 2012 to 2014, Plaintiffs made regular monthly payments to CIT Education Loan Trust 2007-1; (13) Mr. Simpson is currently employed with Whitaker Oil Company and earns approximately $65,000.00 per year; (14) From 2002 to 2016, Mr. Simpson never made more than $60,000.00 per year; (15) Plaintiffs' minimum basic living expenses total over $4,400.00 per month as of the filing of their Second Amended Complaint; (16) Plaintiffs' total take-home income as of the filing of this Second Amended Complaint is approximately $4,180.00 per month; and (17) some of Plaintiffs' loans are private and do not offer forgiveness or payment programs (Amended Complaint ¶¶ 9-34; Second Amended Complaint ¶¶ 18-28).

The Court finds that Plaintiffs' complaint alleges specific facts to support judgment in favor of Plaintiffs and deems the student loan debt dischargeable pursuant to 11 U.S.C. § 523(a)(8). Accordingly, it is

**ORDERED** that the Motion is **GRANTED.** A separate judgment in favor of Plaintiffs will be entered contemporaneously with this Order.

The Clerk is directed to serve a copy of this Order upon Plaintiffs, Plaintiffs' counsel, Defendants, and Defendants' counsel.

**END OF DOCUMENT**